IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

LESLIE KENNEDY, et al.,

          Plaintiffs,

v.                                              CIVIL ACTION NO.   2:12-cv-05806

BARNETT OUTDOORS, LLC, et al.,

          Defendants.

MEMORANDUM OPINION & ORDER

Pending before the court is the defendant Barnett Outdoors, LLC's ("Barnet") Motion for Summary Judgment [Docket 28]. The motion is unopposed. For the reasons stated below, the motion is **DENIED**.

I.    **Background**

This case arises out of injuries sustained during the use of a crossbow manufactured by defendant Barnett Outdoors, LLC ("Barnett"). The plaintiff alleges that on December 16, 2011, the crossbow string broke, causing the arrow and parts of the crossbow to strike the plaintiff in his face and right eye. (*See* Compl. [Docket 1-1], ¶ 8). The plaintiff asserts claims against Barnett, the manufacturer, and Paul's Outdoor World, the retailer, for strict liability, negligence, and breach of express and implied warranties. In the instant motion, Barnett argues that the plaintiffs have failed to present evidence for any of their claims and that Barnett is entitled to judgment as a matter of law on all claims.

**II.     Standard of Review**

The plaintiffs do not oppose this motion. Although Rule 55 of the Federal Rules of Civil Procedure provides default procedures, those procedures do not govern the failure of a plaintiff to respond to a motion for summary judgment. *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993) ("Although the failure of a party to respond to a summary judgment motion may leave uncontroverted those facts established by the motion, the moving party must still show that the uncontroverted facts entitle the party to 'a judgment as a matter of law.'"). Therefore, even though the motion is unopposed, the court will review the pending motion under its usual summary judgment standard to determine whether the defendants are entitled to judgment as a matter of law.

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor." *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere

"scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion. *See Felty v. Graves Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987); *Ross v. Comm'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *abrogated on other grounds*, *Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989).

**III. Analysis**

Barnett moves for summary judgment on all three of the plaintiffs' claims. But rather than address each claim in the Complaint individually and specifically, Barnett argues generally that there is no genuine dispute of material fact whether the crossbow was defective. However, I address each claim in the Complaint individually to determine if Barnett is entitled to judgment as a matter of law.

**A. Strict Liability**

The plaintiffs argue that Barnett is strictly liable because the crossbow was defective. (*See* Compl. [Docket 1-1], ¶¶ 13, 18). To establish a claim for strict liability for a defective product, the plaintiff must show that the product "is defective in the sense that it is not reasonably safe for its intended use." *Bennett v. Asco Services, Inc.*, 621 S.E.2d 710, 717 (W. Va. 2005) (quoting Syl. Pt. 4 *Morningstar v. Black and Decker Mfg. Co.*, 253 S.E.2d 666 (W. Va. 1979)). "A plaintiff is not required to . . . identify[] the specific defect that caused the loss, but instead may permit a jury to infer the existence of a defect by circumstantial evidence." *Bennett*, 621 S.E.2d at 717. "[A] defective product may fall into three broad, and not necessarily mutually exclusive, categories: design defectiveness; structural defectiveness; and use defectiveness arising out of the lack of, or the inadequacy of, warnings, instructions and labels." *Morningstar*, 253 S.E.2d at 682.

Barnett contends that the plaintiffs have presented no evidence that the crossbow was

defective. But plaintiffs allege that no instruction manual accompanied the crossbow, thus rendering it defective for a lack of warning. The plaintiffs' expert, Dan Meadows, maintains that the crossbow package did not contain an instruction manual, and therefore that Barnett failed to warn about dangers associated with the crossbow. (*See* Report of Dan Meadows, [Docket 28-3], ¶¶ 5, 15). As evidence for this assertion, Mr. Meadows states that the shipping label, which accompanied the crossbow package, indicates that no instruction manual shipped. Printed on the label are a series of boxes to be checked off by quality control employees to indicate the inclusion of particular materials in the package. There are separate boxes for, among other things, "Prod Housing," "Rear Stock," "Quiver Mount," "Instruction Manual," and "Final Inspection." (*See id.*). Several of the boxes indicate they have been checked off because an employee has signed his or her employee number inside the box. (*See id.*). However, for the last two boxes, "Instruction Manual" and "Final Inspection," an employee simply scrawled a single number. This single number physically covers both boxes. Presumably, the plaintiffs believe that the large employee number relates only to the "Final Inspection" box, thus indicating that no employee certified that the crossbow package contained an instruction manual.

Construing the evidence in the light most favorable to the plaintiffs, as I must do, I **FIND** that there is a genuine dispute of material fact whether Barnett included an instruction manual in the crossbow package. Because the lack of warnings can render a product defective, Barnett's motion for summary judgment with respect to strict liability is **DENIED**.

**B. Negligence**

Like the strict liability claim, the plaintiffs' negligence claim is based in part on the alleged failure to include an instruction manual in the crossbow package. (*See* Compl. [Docket 1-1], ¶¶ 13, 18, 24, 25). Because I find that a genuine dispute of material fact exists whether Barnett included

an instruction manual, Barnett's motion for summary judgment with respect to negligence is **DENIED**.

### C. Breach of Express and Implied Warranties

Although Barnett moves for summary judgment on all claims, it makes no specific arguments regarding why it is entitled to judgment on the plaintiffs' claim for breach of express and implied warranties. As a result, Barnett has not carried its burden of production on this claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 332 (1986) ("[A] party who moves for summary judgment on the ground that the nonmoving party has no evidence must affirmatively show the absence of evidence in the record."). Accordingly, as it relates to the plaintiffs' claim for breach of an express and implied warranty, Barnett's motion is **DENIED**.

### IV. Conclusion

For the reasons stated above, Barnett's Motion for Summary Judgment [Docket 28] is **DENIED**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: December 6, 2013

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE